UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

BEVERLY OWENS-FLOYD, )
)
    Plaintiff, )
) No. 05 C 3182
    v. )
) Judge George M. Marovich
CITY OF CHICAGO, )
)
    Defendant. )

### MEMORANDUM OPINION AND ORDER

Plaintiff Beverly Owens-Floyd ("Owens-Floyd") filed a complaint against the City of Chicago (the "City") asserting claims under Title VII of the Civil Rights Acts of 1964 and the Age Discrimination in Employment Act ("ADEA"). The City moves to dismiss the complaint in part on the grounds that several of Owens-Floyd's allegations fall outside the applicable limitations period and that several of her claims are beyond the scope of the underlying EEOC charges. For the reasons set forth below, the Court grants in part and denies in part the City's motion.

### I.    Background

For purposes of this motion to dismiss, the Court takes as true the allegations in Owens-Floyd's first amended complaint (the "complaint") and also considers the documents attached to and referenced in the complaint.

The City has employed Owens-Floyd, a 52-year-old female, for more than twenty years in the Health Department. In or about September 2000 and again in February 2002, Owens-Floyd complained to the Commission on Human Rights that the City was discriminating against her on the basis of her age.

After she filed her complaint with the Commission on Human Rights, the City allegedly retaliated against her. For example, it required her to perform additional duties not within her position's scope. In addition, a series of events that occurred between September 2002 and March 2004 led Owens-Floyd to believe that the City was retaliating against her due to her complaints to the Commission on Human Rights. For example, in September 2002 she requested a Saturday off after arranging for another employee to replace her and then was disciplined for not working that day. That same month, the City initiated disciplinary proceedings against her for conduct that she allegedly did not commit. Five months later, Owens-Floyd received an oral warning for arriving late to a meeting when other employees who were late did not receive a warning. Ten months after the City administered the oral warning, it again initiated allegedly false disciplinary proceedings against her. Three months afterward, Owens-Floyd's supervisors required her to retrieve files in a rancid area of her job site's basement. In addition to these events, the City repeatedly denied Owens-Floyd "desk audits" for an upgrade of her pay grade between September 2002 and June 2004. During the same period, the City hired younger individuals into higher positions to perform the same duties as Owens-Floyd. It also declined to place Owens-Floyd into available positions within her unit for which she claims to have been highly qualified.

On March 30, 2004, based on these events, Owens-Floyd filed a charge of age discrimination and retaliation with the EEOC. In her charge, she alleged that beginning in or around January 2003 her supervisor hired and promoted only individuals under the age of forty. She also alleged that the City retaliated against her for complaining to the Commission on Human Rights and for filing grievances with her Union concerning the City's conduct throughout

her employment. Owens-Floyd noted that, among other things, the City assigned her additional duties, required her to perform an unnecessary task in her job site's basement and constantly scrutinized her work.

In April 2004, the City again denied Owens-Floyd a "desk audit" and requested that she drop her EEOC charge. The next month, the City delivered a written warning to her for a parking violation but did not deliver warnings to other employees who committed the same violation. In June 2004, the City again denied Owens-Floyd a desk audit and transferred her to another job site. Although the City informed Owens-Floyd that it had eliminated her position from the budget, she later learned that her former position remained available and that the City eventually upgraded and filled it.

On October 8, 2004, in response to these events, Owens-Floyd filed a second charge of age discrimination and retaliation with the EEOC. She noted in her charge that the City transferred her on June 7, 2004 (approximately nine weeks after she filed her first EEOC charge) and that the City denied her a promotion on June 25, 2004.

The City moves to dismiss in part Owens-Floyd's complaint for two reasons. First, the City argues that a portion of Owens-Floyd's claim is time-barred because she failed to file EEOC charges for several of the City's allegedly discriminatory acts within the limitations period. Second, the City argues that some of the conduct alleged in Owens-Floyd's complaint exceeds the scope of her underlying EEOC charges.

## II. Standard on a motion to dismiss

The Court may dismiss a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure if the plaintiff fails "to state a claim upon which relief can be granted." Fed.R.Civ.P.

12(b)(6). In considering a motion to dismiss, the Court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in the plaintiff's favor. *McCullah v. Gadert*, 344 F.3d 655, 657 (7th Cir. 2003). On a motion to dismiss, the "issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Cole v. U.S. Capital, Inc.*, 389 F.3d 719, 724 (7th Cir. 2004) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

In considering a motion to dismiss, a court may not consider matters outside the pleadings without converting the motion to a motion for summary judgment. *See* Fed.R.Civ.P. 12(b). The pleadings include documents attached to the complaint. *See* Fed.R.Civ.P. 10©. A court may also consider documents referenced in a plaintiff's amended complaint, such as Owens-Floyd's EEOC charges, because they are relevant to the plaintiff's claims and do not "require[] discovery to authenticate or disambiguate." *Tierney v. Vahle*, 304 F.3d 734, 739 (7th Cir. 2002).

### III.  Discussion

Title VII sets out administrative requirements that must be met before one may file a discrimination complaint in federal court. The Supreme Court has explained that "strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 108 (2002) (quoting *Mohasco Corp. v. Silver*, 447 U.S. 807, 826 (1980)). "[P]rocedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants." *Threadgill v. Moore U.S.A.*, 269 F.3d 848, 851 (7th Cir. 2001) (quoting *Baldwin Cty. Welcome Ctr. v. Brown*, 466 U.S. 147, 152 (1984)).

A.  The 300-day requirement

Among other procedural requirements, a plaintiff wishing to pursue her Title VII claim in federal court generally must file a charge with the EEOC or the Illinois Department of Human Rights within 300 days after the allegedly unlawful employment practice. *See* 42 U.S.C. § 2000e-5(e)(1); *Dandy v. United Parcel Serv., Inc.*, 388 F.3d 263, 270 (7th Cir. 2004). This (as is every) statute of limitations is an affirmative defense, and the plaintiff need not plead around it. *United States Gypsum Co. v. Indiana Gas Co.*, 350 F.3d 623, 626 (7th Cir. 2003). Still, a plaintiff "may plead [her]self out of court by alleging (and thus admitting) the ingredients of a defense." *Id.*

An unlawful employment practice may be either a discrete discriminatory or retaliatory act or a hostile work environment claim. *Nat'l R.R. Passenger Corp.*, 536 U.S. at 110. A "discrete retaliatory or discriminatory act 'occurred' on the day that it "happened." *National Passenger*, 536 U.S. at 110. Such discrete discriminatory acts, such as termination, failure to promote, denial of transfer, or refusal to hire, are "not actionable if time-barred, even when they are related to acts alleged in timely filed charges." *National Passenger RR v. Morgan*, 536 U.S. 101, 113 & 114 (2002). Hostile environment claims, however, are different. Title VII does not preclude

> consideration of the entire scope of a hostile work environment claim, including behavior alleged outside the statutory time period ... for the purposes of assessing liability, so long as any act contributing to that hostile environment takes place within the statutory time period.

*Nat'l R.R. Passenger Corp.*, 536 U.S. at 105.

In this case, the City argues that portions of Owens-Floyd's claim are untimely because she failed to file EEOC charges within 300 days after several of the City's allegedly discriminatory acts. Plaintiff filed her first EEOC charge on March 30, 2004. Accordingly, any discrete events alleged to have occurred before June 4, 2003 are time-barred. Specifically, the City moves to dismiss allegations that it (1) disciplined Owens-Floyd for not working a Saturday in September 2002; (2) began false disciplinary proceedings against her the same month; and (3) gave her an oral warning for arriving late to a meeting in February 2003. Each of these events is a discrete action which occurred (as Owens-Floyd admits in her complaint) more than 300 days before she filed her EEOC charge. Thus, these events are time-barred.

B. **The scope of the EEOC charges**

In addition to the 300-day requirement, a court may review only "those charges 'included in [the] EEOC charge ... or reasonably related to the allegations of the charge and growing out of such allegations.'" *Dandy*, 388 F.3d at 270 (quoting *Haugerud v. Amery Sch. Dist.*, 259 F.3d 678, 689 (7th Cir. 2001)). A complaint and a charge are reasonably related if "there is a factual relationship between them." *Ezell v. Potter*, 400 F.3d 1041, 1046 (7th Cir. 2005) (citing *Cheek v. Peabody Coal*, 97 F.3d 200, 202 (7th Cir. 1996). In other words, the charge must "describe the same conduct and implicate the same individuals" as the complaint. *Ezell*, 400 F.3d at 1046.

The City argues that portions of Owens-Floyd's claims should be dismissed because she failed to include them in her allegedly unrelated EEOC charges. First, the City argues that Owens-Floyd failed to mention sexual harassment or sex discrimination in her EEOC charge. The City is correct. Nor are claims of sexual harassment or sex discrimination reasonably related to any facts alleged in the charges. *Ajayi v. Aramark Bus. Serv., Inc.*, 336 F.3d 520, 527 (7th Cir. 2003) (quoting *Cheek*, 31 F.3d at 503) ("When an EEOC charge alleges a particular theory of

discrimination, allegations of a different type of discrimination in a subsequent complaint are not reasonably related to them unless the allegations in the complaint can be reasonably inferred from the facts alleged in the charge."); *Sitar v. Ind. Dep't of Transp.*, 344 F.3d 720, 726-27 (7th Cir. 2003) (finding that sexual harassment and sex discrimination claims were not reasonably related to retaliation alleged in EEOC charge). Owens-Floyd's allegations of sexual harassment and sex discrimination exceed the scope of her EEOC charges. Accordingly, to the extent Owens-Floyd was attempting to state claims in her complaint for sex discrimination and/or sexual harassment, the Court dismisses those claims without prejudice.

Next, the City argues that portions of Count I exceed the scope of Owens-Floyd's EEOC charges. Specifically, the City correctly notes that Owens-Floyd failed to include in the charges her allegation that the City gave her a written warning for violating parking regulations. This allegations of retaliation, however, is reasonably related to the retaliation alleged in the EEOC charge. Finally, the City argues that Owens-Floyd omitted from her EEOC charges her allegation in Count II that the City repeatedly denied her requests to conduct "desk audits" to upgrade her job classification. This allegation does not exceed the scope of her charge, because it is reasonably related to the allegations (that she was denied a promotion) in her charge.

## IV. Conclusion

For the reasons set forth above, the Court grants in part and denies in part the City's motion to dismiss. The Court dismisses without prejudice Owens-Floyd's claims of sexual harassment and sex discrimination. This case is set for status on September 6, 2006 at 11:00 am.

ENTER:

/s/ George M. Marovich
_____
George M. Marovich
United States District Judge

DATED:08/11/06